| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |
|---|---|---|

**CASE NO.:** CV 15-05082 SJO (JPRx)      **DATE:** September 17, 2015

**TITLE:** Sabino Ramirez v. JP Morgan Chase Bank, N.A.

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                          Not Present
Courtroom Clerk                      Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF(S):**      **COUNSEL PRESENT FOR DEFENDANT(S):**

Not Present                             Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** [Docket No. 17], **DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES** [Docket No. 17], **AND DENYING DEFENDANT'S MOTION TO DISMISS** [Docket No. 19].

This matter is before the Court on Plaintiff Sabino Ramirez's ("Plaintiff") Motion to Remand ("Motion"), filed August 5, 2015 and Defendant JP Morgan Chase Bank, N.A.'s ("Defendant") Motion to Dismiss the Complaint, filed August 12, 2015. Defendant filed an Opposition to Plaintiff's Motion to Remand ("Opposition") on August 31, 2015. The Court found this matter appropriate for decision without oral argument and vacated the hearing set for September 21, 2015. *See* Fed. R. Civ. P. 78(b). For the following reasons the Court **GRANTS** Plaintiff's Motion to Remand, (ECF No. 17), **DENIES** Plaintiff's request for attorney's fees, (ECF No. 17), and **DENIES** Defendant's Motion to Dismiss. (ECF No. 19.)

I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges the following. In 2007, Plaintiff obtained a mortgage loan from Defendant in the amount of $415,500.00. (Compl. ¶ 12, ECF No. 1-1.) Because Plaintiff believed that his loan was subject to negative amortization and "interest in excess of what is allowable by law," he submitted an application for loan modification ("RMA") with Defendant. (Compl. ¶¶ 13-15.) Defendant failed to provide him with a single point of contact or with acknowledgment of receipt of Plaintiff's RMA, as required under California's Homeowner's Bill of Rights ("HBOR"). (Compl. ¶¶ 16, 20.) As a result, Defendant "caused Plaintiff to fall behind on his monthly mortgage payments," and to incur various related expenses. (Compl. ¶ 17.)

On June 2, 2015, Plaintiff filed his Complaint in the Superior Court of California for the County of Los Angeles, alleging that Defendant violated §§ 2923.7 and 2924.10 of California's HBOR,

JS-6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 15-05082 SJO (JPRx)     DATE: September 17, 2015

Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Negligence, and violation of California Business and Professional Code § 17200.[1] (*See generally* Compl.)

On July 8, 2015, Defendant filed its Notice of Removal ("Notice") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (*See generally* Notice, ECF No. 12.) Defendant contends that complete diversity exists between Plaintiff and Defendants, and that the amount in controversy exceeds the $75,000 threshold. (*See generally* Opp'n, ECF No. 23.) Defendant argues that for the purposes of determining the amount in controversy, the Court should consider the value of Plaintiff's loan, or "no less than $415,500." (Notice 5.)

On August 5, 2015, Plaintiff filed the instant Motion to Remand. (*See generally* Mot.) While Plaintiff does not dispute that complete diversity exists, he argues that the amount in controversy does not exceed $75,000 because the Complaint does not allege a specific amount of damages. (Mot. 2.) In the alternative, Plaintiff contends that the amount in controversy is the difference between the value of the existing loan and the value of the proposed modified loan, the latter of which is indeterminate. (Mot. 5-8.)

Plaintiff additionally requests that the Court award it attorney's fees pursuant to 28 U.S.C. § 1447(c) for Defendant's "improper attempt to remove this case from the state court." (Mot. 10.)

II.     DISCUSSION

    A.     Subject Matter Jurisdiction and Amount in Controversy

A litigant can remove an action to federal court only if the action could have been brought there originally. *See* 28 U.S.C. § 1441(a). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).

In the instant case, the Court concludes that it lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000, as required by 28 U.S.C. § 1332. Plaintiffs do not allege a specific amount of damages, and contrary to Defendant's assertions, the value of

---

[1] Plaintiff contends that the Complaint sets forth seven causes of action, but the Complaint only lists six causes of action. (*See* Compl. ¶¶ 27-58.) The enumerated causes of action skip from the third cause of action, breach of contract, to the fifth cause of action, breach of implied covenant of good faith and fair dealing. (*See* Compl. ¶¶ 40-51.)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

**CASE NO.:** <u>CV 15-05082 SJO (JPRx)</u>  **DATE:** <u>September 17, 2015</u>

Plaintiff's property cannot be used as a proxy to estimate damages because there is no impending foreclosure on the property.

In *Steele v. J.P. Morgan Chase Bank, N.A.*, a district court in the Central District of California analyzed facts materially similar to those at issue in the instant case. No. CV 15–00657, 2015 WL 4272276 (C.D. Cal. July 14, 2015). In *Steele*, "Plaintiffs [sought] a final decision on their loan modification application, and ask[ed] the Court to enjoin Defendant from pursuing foreclosure until [the Defendant] properly complied with HBOR's requirements for loan-modification application review." *Id.* at *3. The complaint in *Steele* listed the amount in controversy as $70,000. *Id.* at *2. The court concluded that it lacked subject matter jurisdiction because the alleged damages did not meet the amount in controversy threshold. *Id.* at *2-3. The court did not use the value of the property at issue to calculate the amount in controversy because there was no impending foreclosure. *Id.* at *3.

The Court is persuaded by the reasoning in *Steele*. Here, as in *Steele*, Plaintiff alleges violations of California law based on Defendant's purported failure to take action on Plaintiff's loan modification application. The Complaint does not list a specific amount in controversy, which suggests that Plaintiff does not meet the amount in controversy threshold. *See Vonderscher v. Green Tree Servicing, LLC*, No. 2:13-CV-00490 MCE, 2013 WL 1858431, at *3 (E.D. Cal. May 2, 2013) ("[W]here the complaint leaves the amount in controversy unclear or ambiguous, the burden rests with the removing defendant to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000."). Moreover, the Court cannot use the value of Plaintiff's property because there is no threat of foreclosure. Put another way, the property itself is not at issue in the litigation. As the *Steele* court recognized, "'[c]ourts have roundly rejected the argument that the amount in controversy is the entire amount of the loan where a plaintiff seeks injunctive relief to enjoin a foreclosure sale pending a loan modification.'" *Steele*, 2015 WL 4272276, at *3 (quoting *Vergara v. Wells Fargo Bank, N.A.*, No. SACV 15–00058, 2015 WL 1240421, at *2 (C.D. Cal. Mar. 17, 2015)). Accordingly, because the Court cannot determine the amount in controversy based on the Complaint, and Defendant does not show that it exceeds $75,000, the Court lacks subject matter jurisdiction over this case. *See Gaus,* 980 F.2d at 566.

Defendant attempts to find support for its argument to deny the Motion in *Hendricks v. Wells Fargo Bank, N.A.*, No. CV 15–01299, 2015 WL 1644028 (C.D. Cal. April 14, 2015). The *Hendricks* court denied a motion to remand because it concluded that the plaintiff's request for injunctive relief and a claim based on an alleged HBOR violation made the subject property "at least one object of the litigation, and therefore its value [was] relevant to determining the amount in controversy." *Hendricks*, 2015 WL 1644028, at *6. In the instant case, although Plaintiff's Prayer for Relief requests that the Court enjoin Defendant from conducting foreclosure proceedings, (Compl. Prayer for Relief ¶ 4), there is no actual threat of foreclosure, which distinguishes this case from *Hendricks.* 2015 WL 1644028, at *4. The only issue presented in the Complaint is Defendant's

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

\_\_ : \_\_

**CASE NO.:** <u>CV 15-05082 SJO (JPRx)</u>     **DATE:** <u>September 17, 2015</u>

purported violations of California law pertaining to the loan modification application. The Court, therefore, follows the reasoning in *Steele* and grants Plaintiff's Motion.

  B. <u>Attorney's Fees</u>

Plaintiff requests attorney's fees pursuant to its Motion. (Mot. 2.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Attorney's fees, however, are only granted in very limited circumstances. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, there were reasonable arguments to be made on both sides of the issue of removal jurisdiction, even though Plaintiff ultimately prevailed. The Court thus **DENIES** Plaintiff's request for attorney's fees and costs.

III. <u>RULING</u>

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand, **DENIES** Plaintiff's request for attorney's fees, and **DENIES** Defendant's Motion to Dismiss as moot.

IT IS SO ORDERED.